**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHNNY WOODSON                                                          PETITIONER/DEFENDANT

VS.                              CASE NO. LR-CR-96-263 -1

UNITED STATES OF AMERICA                                            RESPONDENT/PLAINTIFF

**ORDER**

Pending before the Court is petitioner's Motion Seeking a Recall of the Mandate.

Petitioner was convicted of two drug trafficking offenses, conspiracy to distribute cocaine base and distribution of cocaine base in violation of 21 U.S.C. § § 841(a)(1) and 846 on April 13, 1998.  On September 22, 1998, he was sentenced to 360 months in prison on each count, the sentences to run concurrently.

On September 23, 1998, he filed a direct appeal contending that there was insufficient evidence to convict him of the conspiracy count.   The appeal was denied and the Mandate affirming the trial court was issued on August 31, 1999.

On July 16, 2001, petitioner filed an amended  28 U.S.C. § 2255 motion contending that (1) his conviction and sentence violated his due process rights, right to a jury trial and right to proof beyond a reasonable doubt on a fact question regarding the weight of the drugs; (2) his defense counsel was ineffective for not raising these issues; and (3) his defense counsel was ineffective because he failed to argue that the witnesses testifying against petitioner were actually incarcerated at the time that they testified they bought drugs from petitioner.   This Court denied the § 2255 motion and on January 7, 2002, the appellate court denied petitioner a certificate of

appealability of that denial.

On August 16, 2004, petitioner filed a motion for permission to file a successive 28 U.S.C. § 2255 petition which was referred to the Court of Appeals for the Eighth Circuit who denied the motion on August 26, 2005. Petitioner subsequently filed for a writ of certiorari with the Supreme Court on November 2, 2006.

On February 21, 2007, petitioner filed the instant motion. This Court is without jurisdiction to address petitioner's motion. Jurisdiction over the case currently resides with the United States Supreme Court based on petitioner's still pending petition for a writ of certiorari. Even if the Supreme Court were to deny his petition for a writ of certiorari, it is the Court of Appeals for the Eighth Circuit's Mandate which the petitioner seeks to recall, not this Court's Judgment and Commitment of September 23, 1998.[1]

The Eighth Circuit held in *Ruiz v. Norris*, 104 F.3d 163 (8th Cir. 1997) that it can grant a Motion to Recall, and will do so "to prevent injustice."

The Clerk of the Court is directed to transfer the motion to the Court of Appeals for the Eighth Circuit for appropriate action. *Cf Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (successive § 2255 collateral attack, though otherwise denominated, may be transferred to the Court of Appeals).

---

[1] To the extent petitioner is asking this Court to withdraw its Judgment and Commitment, the Court denies his motion. Such a request would a successive § 2255 which has already been denied to petitioner.

IT IS SO ORDERED THIS  2   day of     March , 2007.

                                                  James M. Moody
                                                United States District Court