**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                              **Case No. LR-CR-96-263 JMM**

**JOHNNY WOODSON**

**ORDER DENYING SENTENCE REDUCTION**

Before the Court is defendant's Motion for Appointment of Counsel and Motion to Reduce Sentence, filed *pro se* (#199). Defendant requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1] The Court has reviewed defendant's case to determine whether he is eligible for a sentence reduction. Based upon such review, the Court concludes that appointment of counsel is not necessary and defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[2] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. Even then, there are some defendants for whom the recalculated guideline range, using amended U.S.S.G. § 2D1.1, will be equal to the original guideline range. In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

- 1 -

no basis for a sentence reduction. Defendant's case falls within the category where the recalculated guideline range using amended U.S.S.G. § 2D1.1 is the same as the original guideline range.

Defendant was originally sentenced to 360 months of imprisonment based upon a guideline range of 360 months to life. A recalculation using amended U.S.S.G. § 2D1.1 of the amounts of crack cocaine and powdered cocaine connected with defendant's offense results in defendant's base offense level remaining the same at 38.[3] Defendant was given a 4 level enhancement based upon U.S.S.G. § 3B1.1(a) because he was the leader and organizer of a criminal activity involving five or more participants, and was other wise extensive. Defendant's criminal history category was 5 resulting in a criminal history category of III. Based upon a total offense level of 42 and a criminal history category of III, defendant's guideline range remains 360 months to life.

## CONCLUSION

Because the determination of defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, the Motion to Reduce Sentence and for Appointment of Counsel is DENIED.

IT IS SO ORDERED THIS   23   day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[3] *See* U.S.S.G. § 2D1.1(c) (drug quantity table) and application note 10(D) (describing how to determine base offense levels in offenses involving cocaine base and cocaine powder).)