**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.                              CASE NO. LR-CR-96-263**

**JOHNNY WOODSON**

**ORDER**

Pending before the Court are defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense and Motion for Release from Custody. For the reasons stated below, the motions are denied (#204 and #205).

On April 13, 1998, defendant was convicted of two drug trafficking offenses, conspiracy to distribute cocaine base and distribution of cocaine base in violation of 21 U.S.C. § § 841(a)(1) and 846. On September 22, 1998, he was sentenced to 360 months in prison on each count, the sentences to run concurrently.

On September 23, 1998, he filed a direct appeal contending that there was insufficient evidence to convict him of the conspiracy count. The appeal was denied and the Mandate affirming the trial court was issued on August 31, 1999.

On March 7, 2008, petitioner filed a *pro se* Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offenses requesting a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 706 of the United States Sentencing Guidelines which allowed the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission.

On April 23, 2008, the Court recalculated defendant's sentence using the amended guidelines and found that defendant's guideline range had not been changed by Amendment 706 and denied his motion. Defendant filed a timely appeal on May 2, 2008.

On May 16, 2008, defendant filed a motion entitled "Notice of Clerical Error Pursuant to FRCRP Rule 36" contending that the judgment in his case was in error based upon the United States Supreme Court's decisions that the United States Sentencing Guidelines used for his sentencing were unconstitutional and based upon Amendment 706 to the Sentencing Guidelines. Defendant also filed a motion seeking release from custody contending that he had served his sentence in full based upon his recalculation of his sentence under Amendment 706.

On June 12, 2008, the Court of Appeals for the Eighth Circuit affirmed this Court's April 23, 2008 Order that denied defendant's motion for reduction of sentence.

For the reasons previously stated by this Court in its Order of April 23, 2008 and the Court of Appeals Order of June 12, 2008, defendant's motion for reduction of sentence based upon application of Amendment 706 is denied (#204).

Defendant's motion for reduction of sentence which contends that the Court unconstitutionally enhanced his sentence in violation of his Fifth and Sixth Amendment rights based upon the Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, (2005) is also denied as these cases are not applied retroactively (#204). *See Gutierrez v. United States*, 177 Fed. Appx. 510 (8th Cir. 2006).

Because defendant's motion for reduction of sentence has been denied, it follows that his motion for release from custody is also denied (#205).

IT IS SO ORDERED THIS  17  day of   June  , 2008.


_____
James M. Moody
United States District Court