IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

VS.                    CASE NO. 4:96CR00263

JOHNNY WOODSON

**ORDER**

Pending before the Court is defendant's Writ of Audita (#220). For the reasons stated below, the writ is denied.

On April 13, 1998, a jury convicted defendant of one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. The defendant was sentenced to 360 months in the Bureau of Prisons on September 23, 1998. On August 31, 1999, the Court of Appeals for the Eighth Circuit affirmed defendant's conviction.

On January 7, 2002, the Court of Appeals for the Eighth Circuit denied defendant's application for a Certificate of Appealability following this Court's August 8th, 2001 denial of his 28 U.S.C. § 2255 petition[1] and application for a Certificate of Appealability.

On January 15, 2002, defendant filed for permission to file a successive habeas petition. While not reflected on the district court docket, defendant states that the Eighth Circuit denied his petition for permission to file successive on March 19, 2002.

On August 16, 2004, defendant filed a "Successive Motion for 2255" in which he sought to vacate his sentence of 360 months imprisonment. This motion was referred to the Eighth

---

[1]Defendant filed his first § 2255 petition on July 26th, 2000,

1

Circuit where it was denied on August 26, 2005. Defendant filed a Motion for Order to Recall this denial which was also referred to the Eighth Circuit.

Defendant subsequently filed a Motion for Reconsideration of this Court's referral of his Motion for Order to Recall which was denied. His appeal of this Order was denied on April 4, 2007. Defendant filed a writ of *certiorari* on August 22, 2007, which was denied on October 1, 2007.

Defendant filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense in March of 2008 which was denied by this Court in April of 2008. This denial was affirmed by the Eighth Circuit on June 12, 2008. A subsequent Motion for Order for Immediate Release was denied by this Court on February 3, 2009, which defendant appealed. The appeal was dismissed as untimely.

Defendant has now filed a "Petition for Writ of Audita Under the All Writs Act Pursuant to 28 U.S.C. § 1651" contending that (1) his "thirty year sentence imposed in 1996 was based upon drug quantity that is unconstitutional under the Supreme Court's subsequent decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005);" (2) that there were sentencing inequities between his sentence and that of his co-defendant; and (3) he found out in 2003 that his "prior conviction for a felony drug offense was *nolle pros*. on January 23, 1998."

"A writ of *audita querela* is a common law writ 'available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.'" *United States v. Boal*, 534 F.3d 965, 967 n. 2 (8th Cir. 2008) (quoting Black's Law Dictionary 141 (8th ed.2004)). "Although the writ of audita querela has been superceded by the

Federal Rules of Civil Procedure, it has been recognized in some jurisdictions as a vehicle to challenge criminal convictions." *See United States v. Mathison*, 2010 WL 2932957 (D.S.D. 2010) (citing *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) and *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir.1990)).

Defendant cites the Court to *Kessack v.United States,* No. CO5-1828Z, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008) for the proposition that the writ of *audita querela* is available and applicable to his case.

In *Kessack*, the United States District Court for the Western District of Washington suggested that although *Booker* is not applied retroactively in habeas cases, the Writ of *Audita Querela* might be nonetheless used "to achieve justice in extraordinary situations" where other post-conviction remedies are unavailable." *Id* at 5.  Defendant's reliance on this case is misplaced as it has been held to be contrary to the law of the Court of Appeals for the Ninth Circuit.  *See United States v. Gamboa*, 608 F.3d 492, 495 (9th Cir. 2010).

Moreover, "[s]everal Courts have considered *Kessack* and it appears that none has yet been persuaded to adopt its reasoning." *United States v. Loveless*, 2010 WL 489534 (D.Neb. 2010).   While the Eighth Circuit has not addressed this issue, it has held that The All Writs Act is a source of authority for issuance of writs only when the issue is not otherwise covered by statute.  *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (discussing the writ of coram nobis).  In *Noske* the Court went on to say that § 2255 statute would control over The All Writs Act even if the defendant could not obtain relief because the statute prevented the defendant from filing a successive § 2255 petition. *Id.*  Based upon this reasoning, defendant's writ is without merit.

Even if this Court were to agree with the reasoning in *Kessack,* defendant has failed to provide evidence of truly extraordinary circumstances and equities that would justify the application of the writ. In the Eighth Circuit, *Booker* is not applied retroactively,[2] the disparity in sentences could have been raised in defendant's initial § 2255 petition[3] and he could have raised the issue regarding the *nolle pros* in his 2004 motion for a successive § 2255 petition.[4]

According, defendant's Petition for a Writ of *Audita Querela* is denied.

IT IS SO ORDERED this  17  day of September, 2010.

*[signature]*
James M. Moody
United States District Judge

---

[2]*See Never Misses a Shot v. United States,* 413 F.3d 781, 783-84 (8th Cir.2005). Defendant's sentence became final before *Booker* was decided.

[3]Defendant's co-defendant was granted a downward departure and sentenced on April 20, 1998.

[4]Defendant learned in 2003 "that his prior conviction for a felony drug offense was *nolle pros*. on January 23, 1998."